UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDINA, et al.,<br><br>　　　　Defendants. | No. 1:22-cv-00569 GSA (PC)<br><br>ORDER ACKNOWLEDGING PLAINTIFF'S MOTION FOR RULING AND DISREGARDING COPY OF BOND REQUEST<br><br>(ECF No. 9)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A REQUEST FOR JOINDER OF MATTER TO COTTON v. MEDINA, No. 1:22-cv-00568 JLT EPG<br><br>(ECF No. 12). |

　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has paid the filing fee.

　　　Before this Court are: (1) Plaintiff's motion for ruling, and (2) Plaintiff's request to join this case with Cotton v. Medina, No. 1:22-cv-00568 JLT EPG. ECF Nos. 9, 12 (respectively). For the reasons stated below, the Court will acknowledge Plaintiff's motion for ruling and his complaint will be screened in due course. Plaintiff's request within that motion for a "copy of the bond purchased using [his] funds" will be disregarded. Finally, Plaintiff's motion for joinder will be denied.

I.     REQUEST FOR RULING

In Plaintiff's request for ruling, he states that that approximately a year and close to nine months have passed since he paid the filing fees as well as the "bonding" of this case. ECF No. 9. He then requests the Court to provide him with "a copy of the bond purchased using my funds, and a receipt. [sic] in this case." Id. (brackets added). Plaintiff also requests "remedy in fair and diligent matter." Id.

The Court construes this filing in part as a request for screening. In so doing, the Court will acknowledge this request, and Plaintiff's complaint will be screened in due course. However, his request in the motion that the Court provide him with a copy of the bond purchased using his funds, the Court will disregard this request as it is unclear precisely to what Plaintiff is referring when he uses the word "bond". To the extent that Plaintiff may be asking for a copy of a receipt of payment of his filing fee in full, he is informed that receipt of his payment of the filing fee in full is noted on the Court's docket. See docket entry dated 6/1/22 (receipt for $402.00 filing fee).

II.     REQUEST FOR JOINDER

A. Relevant Facts

In Plaintiff's request for joinder, he requests that this case be joined with Cotton v. Medina, No. 1:22-cv-0568 JLT EPG ("Cotton"). ECF No. 12 at 1. In support of the request, Plaintiff states that Cotton stems from the same March 19, 2022, incident that he has identified in his original complaint. Id. at 1. Plaintiff also points out that Cotton is at the summary judgment phase of the proceedings, whereas his case has yet to be screened. Id. at 2. He asserts that further delays in the screening of this matter may prejudice him with respect to evidence being preserved as well as with respect to him being able to receive appropriate due process. Id.

B. Applicable Law and Analysis

Federal Rule of Civil Procedure 20 governs the joinder of parties in a matter. It is applied at a Court's discretion. See generally Fed. R. Civ. P. 20(a)(1) (rule twice stating plaintiffs may join or be joined in an action). Under it, if plaintiff asserts the right to relief either jointly or severally with respect to or arising out of the same transaction, occurrence or series of

1  transactions or occurrences, and any question of law or fact common to them will arise in the
2  action, then joinder may occur. See Fed. R. Civ. P. 20(a)(1)(A)-(B).

3  Plaintiff's motion for joinder must be denied for several reasons. First, prior to Plaintiff
4  filing this motion, he filed a first amended complaint, and he did so without leave of Court. See
5  ECF No. 12. An amended complaint takes the place of any earlier filed one. See Lacey v.
6  Maricopa County., 693 F.3d 896, 925 (9th Cir. 2012) (citations omitted). Therefore, when
7  Plaintiff filed the FAC, the original complaint ceased to exist. See generally id. (stating filing of
8  amended complaint renders original complaint non-existent). As a result, the FAC is the pleading
9  that the Court will now screen.[1]

10  Next, the claims raised in the FAC stem from an incident that allegedly occurred on
11  March 2, 2022, not March 19, 2022 (as in the Cotton case), and in the FAC Plaintiff makes no
12  claim that the incidents that occurred on either of those dates are related to one another. See ECF
13  No. 11 at 3-6 (claims raised in FAC).

14  Additionally, even if the original complaint and the claims in it could be screened and
15  then joined because they stemmed from the same transaction or occurrence, there is no indication
16  in the motion – either from Plaintiff or from Plaintiff Cotton via declaration – that Plaintiff Cotton
17  is agreeable to having his case joined with Plaintiff's. See generally ECF No. 12.

18  Finally, the motion for joinder at this stage is untimely. The incident in question that is
19  raised in the original complaint occurred on March 19, 2022, at California State Prison –
20  Corcoran ("CSP-Corcoran"). See ECF No. 1 at 2-4 (complaint identifying 3/19/22 as date of
21  relevant incident and location of same). The Cotton case, which was docketed on May 11, 2022 –
22  the same date as Plaintiff's was[2] – alleges that the incidents in question in it also occurred on

---

[1] A plaintiff is not permitted to change the nature of a lawsuit by raising new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). However, given that Plaintiff's original complaint had not yet been screened, query whether the filing of the FAC constituted Plaintiff filing new, unrelated claims. See generally Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) (stating prisoner complaint not filed until district judge finds it passes statutory screening). In either instance, in the interests of justice and efficiency the Court finds that Plaintiff's FAC is the pleading that should be screened.

[2] Compare ECF No. 1 (5/11/22 docket entry of original complaint), with Cotton, ECF No. 1 (5/11/22 docket entry of original complaint).

March 19, 2022, at CSP-Corcoran.  See Cotton, ECF No. 1 at 2-4.  Thus, assuming that the March 19, 2022, incidents identified in both Plaintiffs' original complaints are accurate and were part of the same event or occurrence, by Plaintiff unduly delaying the request to have their cases joined  the circumstances of each case now finds the two are in very different phases of their respective proceedings.

For these reasons, Plaintiff's motion to join this case with Cotton is denied.  Again, the Court will screen the FAC in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a ruling (ECF No. 9) is disposed of as follows:

    a. It is ACKNOWLEDGED, to the extent that it asks the Court to screen the complaint, and

    b. DISREGARDED to the extent that it asks for a copy of a bond, and

2. Plaintiff's motion to join this case with Cotton v. Medina, No. 1:22-cv-00568 JLT EPG (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated:   **March 27, 2025**                       /s/ Gary S. Austin
                                                  UNITED STATES MAGISTRATE JUDGE