UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>    Plaintiff,<br><br> v.<br><br>MEDINA, et al.,<br><br>    Defendants. | No. 1:22-cv-00569 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DATE TO BE CORRECTED<br><br>(ECF No. 15)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CORRECT TYPOGRAPHICAL ERROR IN DATE<br><br>(ECF No. 16) |

  Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has paid the filing fee.

  Before this Court are Plaintiff's motion for date to be corrected due to typing error and his motion for leave to correct typographical error in date. ECF Nos 15, 16 (respectively). For the reasons stated below, both motions will be denied.

  I.  PLAINTIFF'S MOTIONS

    A. Plaintiff's Motion for Date to Be Corrected Due to Typing Error

  In Plaintiff's motion for date to be corrected due to typing error (ECF No. 15), he informs the Court that the March 2, 2022, date he has identified in his first amended complaint as the date

that the incident in question is incorrect. ECF No. 15 at 1. Specifically, Plaintiff asserts that the actual date the incident in question occurred was March 19, 2022, not March 2, 2022. Id. As a result, Plaintiff requests the Court allow him to correct his complaint and replace the March 2, 2022, date with the March 19, 2022, date. Id. In addition, it appears that Plaintiff may be making this request so that it can be considered in his earlier-filed request for the joinder of his case to Cotton v. Medina, 1:22-cv-0568 JLT EPG. See generally ECF No. 15 at 1; ECF No. 12 (Plaintiff's motion for joinder).

### B. Plaintiff's Motion for Leave to Correct Typographical Error in Date

In Plaintiff's motion for leave to correct typographical error in date Plaintiff makes the same request, that the March 2, 2022 date stated in his first amended complaint be changed to March 19, 2022. See ECF No. 16 at 1-2. In support of the request, Plaintiff states that a friend helped him prepare his complaint and that friend was "unfamiliar with the exact timeline," which resulted in the unintentional inclusion of the wrong date. Id. at 2. Plaintiff further states that he only became aware of the error when he looked at the docket online and noticed the date referenced by the Court related to his prior motion for joinder. See id. Because of his mistake, Plaintiff asks the Court for leave to correct the typographical error. ECF No. 16 at 2-3.

## II.     DISCUSSION

Both motions will be denied for several reasons. First, irrespective of whether a friend prepared Plaintiff's amended complaint, it was Plaintiff's responsibility to read the pleading and correct any errors in it before he signed it and submitted it to the Court. See Fed. R. Civ. P. 11(b)(3) (stating signing and presentation of pleading to Court means party certifies to best of his knowledge that factual contentions have evidentiary support).

Second, Plaintiff's unsolicited first amended complaint was docketed well over five months ago, on October 23, 2024. See ECF No. 11 (docket date of unsolicited first amended complaint). Thus, Plaintiff had more than sufficient time to review the unsolicited complaint, catch his mistake, and request leave to amend.

Third, and of equal importance, is the fact that the Court has already issued a screening order in this case. It was issued on April 1, 2025. See ECF No. 14. That screening order used

1  the dates that Plaintiff had provided in his unsolicited first amended complaint.  As a result, the
2  Court will not issue a new screening order to accommodate the mistake in dates that Plaintiff
3  made and should have corrected prior to filing of the 1AC, or at least before the issuance of the
4  Court's screening order.

5  Finally, and most importantly, even if the Court had not issued its screening order before
6  the instant motions had been docketed in this case, the Court still could not have "substituted" the
7  March 19, 2022, date for the March 2, 2022, date for Plaintiff.  Instead, the Court would have
8  denied Plaintiff's motions--as it is doing herein--and would have ordered Plaintiff to file a new
9  amended complaint, one that was separate from any previously filed complaint and that contained
10 all facts and claims, as well as Plaintiff's stated "correct" date.  See Loux v. Rhay, 375 F.2d 55,
11 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated
12 thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896
13 (2012); see also L.R. 220 (E.D. Cal. 2009) (stating amended complaint must be complete in itself
14 without reference to any earlier filed complaint).

15 Upon Plaintiff's receipt of the Court's screening order issued April 1, 2025 (see ECF No.
16 14), Plaintiff will see that he has been granted leave to amend the complaint.  Should he choose to
17 do so, he may correct the date of the incident in that pleading.

18 Accordingly, IT IS HEREBY ORDERED that:

19 1.  Plaintiff's motion for date to be corrected due to typing error (ECF No. 15) is
20 DENIED, and

21 2.  Plaintiff's motion for leave to correct typographical error in date (ECF No. 16) is
22 DENIED.

23 **Plaintiff's amended complaint is still due within thirty days from the date of the**
24 **Court's screening order, signed March 31, 2025.  See ECF No. 14 at 12-13 (screening order**
25
26 **stating same).  Plaintiff is cautioned that absent exigent circumstances, his failure to timely**
27 **comply with that order may result in a recommendation that this matter be dismissed.**
28

3

1
2   IT IS SO ORDERED.
3      Dated:   **April 4, 2025**             **/s/ Gary S. Austin**
4                                                      UNITED STATES MAGISTRATE JUDGE