UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>             Plaintiff,<br><br>      v.<br><br>MEDINA, et al.,<br><br>             Defendants. | No.  1:22-cv-00569 GSA (PC)<br><br>SCREENING ORDER (SECOND AMENDED COMPLAINT)<br><br>ORDER FINDING SERVICE OF THE COMPLAINT APPROPRIATE<br><br>(ECF No. 18) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's second amended complaint ("SAC").  ECF No. 18. For the reasons stated below, the Court will order the complaint served on Sergeant Samantha Medina.

I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (citing Iqbal). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Finally, under Federal Rules of Civil Procedure 18 and 20, the claims raised against a party in a complaint should be related. In addition, defendants should only be joined in an action if it can be alleged that they are liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 18(a) and 20(a)(2).

II. STANDARD OF REVIEW

A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Linkage Requirement

In addition, under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, a plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

### III. PLAINTIFF'S SECOND AMENDED COMPLAINT

#### A. Facts Alleged

Plaintiff, an inmate who is currently incarcerated at California State Prison – Corcoran ("CSP-Corcoran"), names Sergeant Samantha Medina as the sole Defendant in this action. See ECF No. 18 at 1-2. He contends that she failed to protect him; that she was deliberately indifferent to his serious medical need, and that she tortured him in violation of his Eighth Amendment rights,[1] when, on March 19, 2022, she: " acting as the supervisor for the 3B yard at

---

[1] In Claim One, Plaintiff also vaguely alleges that his rights under the Bill of Rights were violated by Defendant Medina. See ECF No. 18 at 4. The Bill of Rights consists of the first ten amendments to the United States Constitution. Plaintiff, however, provides no specific support for this claim by selecting precisely which of his rights under those amendments have been

1  Corcoran State Prison, ordered her officers to confine and lock the plaintiff within a caged yard
2  area for recreational purposes (this is fact). Between approximately 12:15 p.m. and 12:30 p.m.-,
3  massive volumes of chemical gas, generated from CN gas grenades detonated on the 3C yard,
4  resulted from an excessive and reckless use of force incident on that yard (this is fact).
5  The chemical cloud spread across the 3B yard, immediately causing pain and unwarranted agony
6  to the plaintiffs eyes, lungs, and skin (this is fact). The plaintiff pleaded with the group of officers
7  and Sergeant Medina for help, but instead of assisting, they laughed and retreated into the 3B
8  program office, leaving the plaintiff behind to suffer the effects of the gas (this is fact). Under
9  Sergeant Medina's supervision and orders, the plaintiff was left exposed in the contaminated yard
10 for approximately 20 minutes. Once the gas dissipated from the yard enclosure, Sergeant Medina
11 and the officers emerged from hiding and forced the plaintiff to return to his cell without
12 providing any medical aid. Please note that the chemical gas breach was so severe that the
13 plaintiff was unable to protect himself or escape the effects. Sergeant Medina neither protected
14 the plaintiff nor evacuated the yard. Instead, she intentionally forced the plaintiff to
15 remain in the yard until the gas naturally evaporated on its own." (Claim One).  See id. at 3.

16     In Claim 2, Plaintiff alleges, "On 3/19/22, after Sgt. Medina deliberately and intentionally
17 left the plaintiff in a locked yard contaminated by weaponized gas, causing him to suffer, Sgt.
18 Medina also deliberately and intentionally refused to provide or summon medical aid. Despite
19 being fully aware that the inmate population on the yard, including the plaintiff, was exposed to
20 CN gas from the massive volume of gas that came from 3C yard next door, Sgt. Medina ignored
21 the situation. What makes her refusal to summon medical aid even more deliberate was the fact
22 that the plaintiff, along with other inmates, directly asked her for medical assistance and informed
23 her of their injuries, including respiratory problems, burning eyes, and burning skin-classic
24 symptoms of CN gas contamination. CDCR policy mandates the immediate decontamination of
25 any inmate or staff exposed to such chemicals and gas. Sgt. Medina did not summon medical

---

27 violated.  Therefore, to the extent that Plaintiff may have been intending to raise additional
   violations of right under the first ten amendments to the Constitution, the Court does not consider
28 the assertion herein.

4

1  personnel to decontaminate the plaintiff, nor did she escort him to receive medical treatment for
2  his injuries. Instead, she told the plaintiff 'no' and forced him to return to his cell, where he
3  remained for four days without medical aid, still covered from head to toe in the chemical and
4  burning gas."

5  Finally, in Claim 3, Plaintiff alleges, "On March 19, 2022, at approximately 12:00 p.m.,
6  Plaintiff was confined to the 3B yard at Corcoran State Prison under the supervision of Defendant
7  Sergeant Medina. Between approximately 12:15 p.m. and 12:30 p.m., large amounts ofCN gas
8  from grenades deployed in the 3C yard spread to the 3B yard, causing extreme burning, pain, and
9  difficulty breathing for Plaintiff and other inmates. Plaintiff immediately pleaded for assistance
10 and requested medical aid from Defendant Medina and her officers. Instead of intervening,
11 Defendant Medina and her officers retreated into the 3B program office, laughing, and ordered all
12 inmates, including Plaintiff, to remain seated in the contaminated yard for approximately 20
13 minutes while experiencing excruciating pain. Plaintiff was deliberately tortured for 20 minutes
14 on March 19, 2022, as Defendant Medina made no efforts to protect Plaintiff, evacuate the yard,
15 or mitigate the effects of the CN gas exposure. Once the gas dissipated, Defendant Medina and
16 her officers ordered Plaintiff back to his cell without providing any medical attention, despite
17 Plaintiff's direct requests for aid".

### B. Harm Caused and Remedy Sought

Plaintiff claims that because Defendant Medina's actions and inaction, he suffered unwarranted exposure to pain; he now suffers from respiratory issues and has to use an inhaler; his sleep apnea conditions have been exacerbated, and he suffers from mental anguish and emotional distress. ECF No. 18 at 3-5. He seeks various types of monetary damages, totaling $9,000,000.00, as well as any other relief that the Court deems just and proper. Id. at 7.

## IV.   APPLICABLE LAW

### A. Eighth Amendment Duty to Protect

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago County Dep't of Social Services, 489 U.S.

189, 199-200 (1989). "[An] affirmative duty to protect arises . . . from the limitation which [the State] has imposed on his freedom to act on his own behalf." Id. at 200 (brackets added).

The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. See Farmer v. Brennan, 511 U.S. 825, 832-33 (citations omitted); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (stating classification type does not relieve jail officials of duty to provide for inmate's safety). Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 833 (citation omitted) (quotation marks omitted).

To state a cognizable Eighth Amendment claim under a failure to protect theory, a prisoner must reasonably allege that a correctional official knew of but disregarded an excessive risk to his health or safety. Farmer, 511 U.S. at 837. "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks and emphasis omitted) (citations omitted). The deprivation alleged must be objectively sufficiently serious, and there must be evidence which shows that a defendant acted with a "sufficiently culpable state of mind." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). In addition, the wanton infliction of pain a prisoner experiences must be inconsistent with "contemporary standards of decency." See Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citations and internal quotation marks omitted).

B. Eighth Amendment Deliberate Indifference to Serious Medical Need

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).

6

This second prong... "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Serious medical need can be shown by demonstrating that a failure to treat a prisoner could result in significant injury or worsening pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A deliberately indifferent response can be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need coupled with harm caused by that indifference. Id.

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844–45; see also Simmons v. Navajo County Ariz. 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. See id. at 835. "Mere negligent failure to protect an inmate from harm does not violate the Cruel and Unusual Punishments Clause." Farmer, 511 U.S. at 835.

V.   DISCUSSION

At the outset, the Court finds that Claims Two and Three – deliberate indifference to serious medical need, and "torture," respectively – consist of virtually the same facts. Compare ECF No. 18 at 4 (Claim Two), with ECF No. 18 at 5 (Claim Three). Moreover, Plaintiff's

7

1  "torture" allegations in Claim Three, ultimately amount to a claim of deliberate indifference to
2  serious medical need. Consequently, the Court considers the facts alleged in Claims Two and
3  Three together.
4      For the reasons stated below, the Court finds that Plaintiff has raised viable Eighth
5  Amendment failure to protect and deliberate indifference to serious medical need claims against
6  Defendant Medina. Therefore, the SAC will be served, and Defendant Medina will be ordered to
7  file a response to it.

    A.  <u>Failure to Protect</u>

9      Plaintiff has made a threshold showing that Defendant Medina failed to protect him,
10  when, on March 19, 2022, gas grenades were detonated on a nearby yard causing gas to spread
11  to his yard causing immediate pain and unwarranted agony to Plaintiff's eyes, lungs and skin—
12  followed by Plaintiff being left on the yard for 20 minutes while the gas dissipated, all this while
13  Plaintiff was confined and locked in a caged area unable to escape from exposure to the
14  chemical gas.
15      These facts as alleged support a finding that the detonation of the chemical gas on a
16  nearby yard, which spread to Plaintiff's yard while Plaintiff was locked up and caged and could
17  not remove himself from the spread of the gas, was sufficiently serious, and that Defendant
18  Medina's failure to act to assist Plaintiff by removing him from the situation, instead letting him
19  sit in the chemical gas air for twenty minutes, was done with a sufficiently culpable state of mind.
20  See <u>Hearns</u>, 413 F.3d at 1040.
21      For these reasons, Plaintiff has stated a viable Eighth Amendment failure to protect claim
22  against Defendant Medina. Accordingly, she will be directed to file a response to it.

    B.    <u>Deliberate Indifference to Serious Medical Need</u>

24      Plaintiff has also stated a viable Eighth Amendment deliberate indifference to serious
25  medical need claim against Defendant Medina. According to Plaintiff, after he was exposed to
26  the chemical gas on the yard for twenty minutes, he was in pain – <u>e.g.</u>, his eyes and skin were
27  burning, and he was having breathing problems. ECF No. 18 at 4-5. He says that he told
28  Defendant Medina this, and he asked her for help. <u>Id.</u> However, she purportedly refused to help

1  Plaintiff so that he could be decontaminated, and she also refused to call for medical help so that

2  someone else could assist with his medical needs.  See ECF No. 18 at 4.  Instead, she laughed,

3  retreated to a program office with other prison officials forced him to return to his cell.  Id. at 4-5.

4  As a result, Plaintiff says he remained without medical care for four days all while covered with

5  the burning chemical gas substance.  Id.

6  These alleged facts show that Plaintiff was suffering from a serious medical need to be

7  treated for exposure to the chemical gas that had been released on a nearby yard and which had

8  spread to his yard, and that despite Defendant Medina being aware of Plaintiff's need, she appears

9  to have intentionally failed to respond to it.  Because her knowing failure to respond to Plaintiff's

10 medical need led to Plaintiff being in prolonged pain and discomfort, a threshold Eighth

11 Amendment deliberate indifference to serious medical need claim has been raised by Plaintiff.

12 Therefore, Defendant Medina will also be ordered to file a response to this claim as well.

13 Accordingly, IT IS HEREBY ORDERED that:

14 1.  In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court has

15 screened and found service of the second amended complaint (ECF No. 18) appropriate.  If a

16 Defendant either waives service or is personally served, the Defendant is required to reply to the

17 complaint.  42 U.S.C. § 1997e(g)(2).

18 2.  Service is appropriate on the following Defendant, was employed at California State

19 Prison – Corcoran, on the date of the incident in question, for the following violations of right:

20 - **Sergeant Samantha Medina** for Eighth Amendment failure to protect and
21   deliberate indifference to serious medical need.

22 3.  Under separate order, the Court will direct the complaint to be served.

IT IS SO ORDERED.

Dated:   **August 30, 2025**                     /s/ Gary S. Austin
                                                 UNITED STATES MAGISTRATE JUDGE

9