1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER G. VALENCIA,                No.  1:22-cv-00569 GSA (PC)

12                    Plaintiff,              ORDER CONSTRUING PLAINTIFF'S
                                              "OBJECTIONS" AS MOTION FOR
13          v.                                RECONSIDERATION

14    MEDINA, et al.,                         (See ECF No. 22)

15                    Defendants.             ORDER DENYING PLAINTIFF'S MOTION
                                              FOR RECONSIDERATION
16

17
              Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief
18
      under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The matter was referred to a United
19
      States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
20
              Before this Court, is Plaintiff's "objections" to the Court's screening order.  ECF No. 22.
21
      The Court herein construes the filing as a motion for reconsideration, and it will direct the Clerk
22
      of Court to describe it as such on the Court's docket.  For the reasons stated below, the motion
23
      will be denied, and under separate order, it will be recommended that Claim Three be dismissed
24
      for failure to state a claim upon which relief may be granted.
25
           I.    PLAINTIFF'S "OBJECTIONS" TO SCREENING ORDER
26
              On September 11, 2025, the instant "objections" or motion for reconsideration filed by
27
      Plaintiff was docketed.  ECF No. 22.  In the motion, ultimately, Plaintiff takes issue with the fact
28

                                                     1

1    that the Court combined Claims Two and Three of the SAC into one cause of action.  See

2    generally id.  He argues that Claim Three needs to stand alone as a separate claim; not merged

3    with his deliberate indifference claim.  Id. at 2.

4        II.    APPLICABLE LAW

5            A.  Motion for Reconsideration:  Federal Rule of Civil Procedure 60(b)

6        Federal Rule of Civil Procedure 60(b) permits a litigant to file a motion for relief from a

7    final judgment or order for several reasons, including, but not limited to:  mistake, inadvertence,

8    surprise, excusable neglect, or any other reason that justifies relief.  See Fed. R. Civ. Proc.

9    60(b)(1), (6).  The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii,

10    42 F.3d 1185, 1198 (9th Cir. 1994).  A party must present strongly convincing facts to persuade

11    the court to reverse its prior decision.  Kern-Tulare Water Dist. v City of Bakersfield, 634 F.Supp.

12    656, 665 (E.D. Cal. 1986) affirmed in part and reversed in part on other grounds, 828 F.2d 514

13    (9th Cir. 1987); Great Hawaiian Fin. Corp. v. Aiu, 116 F.R.D. 612, 617 (D. Haw. 1987), rev'd on

14    other grounds 863 F.2d 617 (9th Cir. 1988).

15            B.  Eighth Amendment Cruel and Unusual Punishment

16        One way to violate the Cruel and Unusual Punishment Clause is for a prison official to be

17    found to have been deliberately indifferent to an inmate's health or safety.  See, e.g., Prentice,

18    144 S. Ct. at 14.  Specifically, "[t]he Eighth Amendment's proscription of cruel and unusual

19    punishments is violated by 'deliberate indifference to serious medical needs of prisoners.'"  City

20    of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243–44 (1983) (citing Estelle v. Gamble,

21    429 U.S. 97, 104 (1976)).  In other words, "[a] public official's deliberate indifference to a

22    prisoner's serious illness or injury violates the Eighth Amendment ban against cruel and unusual

23    punishment."  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (brackets added) (internal

24    quotation marks omitted) (citation omitted).

25        In addition, the use of excessive physical force against a prisoner is apt to constitute cruel

26    and unusual punishment.  See Hudson, 503 U.S. at 4 (1992); Wilkins v. Gaddy, 559 U.S. 34

27    (2010) (citing Hudson).  Extreme cruelty can be said to constitute excessive force.  See, e.g.,

28    Hoard v. Hartman, 904 F.3d 780, 787 (9th Cir. 2018) (stating Constitution does not require proof

2

of pleasure from extreme cruelty for excessive force claim to be brought under Eighth Amendment).

It is well settled that the Eighth Amendment does not forbid cruel and unusual 'conditions'; it forbids cruel and unusual 'punishments'." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 312.

The question of whether a measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley); Hoard, 904 F.3d at 787-88 (internal quotation marks omitted) (italics omitted) (citations omitted); . "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Whitley, 475 U.S. at 312; Hoard v. Hartman, 904 F.3d 780, 788 (9th Cir. 2018) (citing Whitley).

III.    DISCUSSION

A. Error to Fail to Independently Address Claim Three

The Court concedes at the outset that considering Claims Two and Three together instead of addressing them separately – even though their content is virtually the same – was an error on its part. Instead, the undersigned should have screened Claim Three and recommended that it be dismissed. The Court will do so via a separate order. Given that Plaintiff's "torture" claim in Claim Three is the only argument at issue, the Court only addresses it herein.[1]

---

[1] Because Plaintiff does not request the Court to reconsider its finding that he has stated a viable failure to protect and deliberate indifference arguments in Claims One and Two (see generally ECF No. 22), and the only matters at issue in Plaintiff's motion for reconsideration are the propriety of the Court combining Claims Two and Three, as well as whether Claim Three states a

1          B.  Torture" or Excessive Force Allegations in Claim Three Are Unsupported

2                The Court notes for the record that Claim Three in Plaintiff's complaint alleges "torture"

3    on the part of Defendant Medina, and that thereafter, Plaintiff provides virtually identical facts in

4    the complaint that he had previously raised in his Claim Two deliberate indifference argument.

5    Compare ECF No. 18 at 4 (Claim Two), with ECF No. 18 at 5 (Claim Three).  Of greater import,

6    however, is the lack of factual support for a "torture" claim in Claim Three.  Specifically, the

7    Court notes that in the complaint, Plaintiff clearly states that on the date in question, *CN gas was*

8    *deployed in 3C Yard, and that the chemicals from it then spread to 3B Yard, where he had been*

9    *placed in a caged area.*  See ECF No. 18 at 3 (Claim One).

10               Even though Plaintiff consistently alleges throughout the complaint that he was "tortured"

11   by Defendant Medina – which could, for the sake of argument, be construed as an excessive force

12   claim – the facts that Plaintiff provides in Claim Three fail to provide any evidence of this.  See

13   generally ECF No. 18 at 5.  Specifically, nowhere in Claim Three – or anywhere else in the SAC

14   – does Plaintiff contend that *it was Defendant Medina who improperly ordered the detonation of*

15   *the CN gas in 3C Yard, and/or that she did so deliberately and with the specific, improper intent*

16   *to cause Plaintiff and the other inmates harm in 3B Yard.*  See generally ECF No. 18 at 3-5

17   (Claims One, Two and Three).

18               Plaintiff's motion for reconsideration makes no such new claims.  See generally ECF No.

19   22.  On the contrary, it appears that the CN gas was likely released on the nearby 3C Yard as a

20   security measure, and that Plaintiff – who was caged in 3B Yard at the time – ended up

21   inadvertently being affected by the spread of the gas to his area.

22               Based on these facts, it cannot be said that Plaintiff's exposure to the CN gas constituted

23   "torture" or excessive force on the part of Defendant Medina in violation of Plaintiff's Eighth

24   Amendment rights under the Cruel and Unusual Punishments Clause.  The level of malicious

25   intent on the part of Defendant Medina with respect to the detonation of the CN gas in another

26   prison yard, or its subsequent spread to 3B Yard, is factually unsupported.  For these reasons,

27   _____

28   viable claim, the Court does not address Claims One and Two in this order.

Plaintiff's motion for reconsideration of the screening of the SAC fails to show that the substance of the Court's screening order contained a mistake that justifies his requested relief.  See Federal Rule of Civil Procedure 60(b)(1), (6).  As a result, the motion for reconsideration will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Clerk of Court shall RELABEL Plaintiff's "objections" motion (see ECF No. 22) so that it reads "Motion for Reconsideration [Objections to Screening Order]," and

2.   Plaintiff's motion for reconsideration (ECF No. 22) pursuant to Federal Rule of Civil Procedure 60(b)(1), (6) is DENIED.

**Via a separate order, the Court will vacate its September 2, 2025, screening order of the second amended complaint as well as its service order; rescreen the second amended complaint and formally recommend that Claim Three be dismissed for failure to state a claim upon which relief may be granted.**

IT IS SO ORDERED.

Dated:   __September 23, 2025__              _____/s/ Gary S. Austin__
                                          UNITED STATES MAGISTRATE JUDGE

5